UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

JOHN P. CAVE,

        Plaintiff,

v.

BOZART INC., f/k/a BOZART
TOYS, INC. and ARTBRAT.COM,

        Defendants.

04 10287 GAO

Civil No. MAGISTRATE JUDGE _____

RECEIPT # 53745
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 2-11-04

### COMPLAINT AND JURY DEMAND

#### I. Complaint

1. This is an action for patent infringement under 35 U.S.C. §271.

#### Parties, Jurisdiction and Venue

2. Plaintiff John P. Cave is an individual who resides at 317 Revere Street, Canton, Massachusetts 02021.

3. Defendant Bozart, Inc. ("Bozart") is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, formerly known as Bozart Toys, Inc., with a place of business at 317 Cherry Street, Philadelphia, Pennsylvania 19106.

4. Defendant Artbrat.com ("Artbrat") is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 317 Cherry Street, Philadelphia, Pennsylvania 19106.

5. This court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under 35 U.S.C. §271.

6.  This court has personal jurisdiction over the defendants in that the causes of action asserted herein arise from their doing and transacting business in the Commonwealth of Massachusetts; their contracting to supply things in this Commonwealth; their having caused tortious injury in this Commonwealth, and regularly doing or soliciting business or engaging in a persistent course of conduct, or deriving substantial revenue from goods used in this Commonwealth; and their having committed acts of infringement in this judicial district.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1400(b), in that defendants reside in this judicial district under 28 U.S.C. §1391(c).

### Facts Giving Rise to Claims

8.  Plaintiff is the owner of U.S. Design Patent No. D439,064 S (the "'064 patent"), entitled "Flexible Chair," duly issued by the United States Patent and Trademark Office on March 20, 2001. A copy of the '064 patent is attached hereto as Exhibit A.

9.  Plaintiff's flexible chair design that is patented in the '064 patent received substantial public exposure by, among other things, its being widely publicized as having won the American Leather and *Metropolitan Home Magazine* Student Design Competition in 1999; its being publicly displayed and publicized as an award-winning "chair of the millennium" design in April 1999 at the Highpoint Market in Highpoint, North Carolina, the center of the furniture industry in this country to which people involved with the industry travel on a regular basis; its being publicly displayed as an award-winning furniture design at the May 1999 International Contemporary Furniture Fair ("ICFF"), the premier show for contemporary furniture design in this country that is attended by virtually everyone in the industry; its being featured at the May 1999 FIRST Senior Furniture Design Show at the Rhode Island School of Design; its being featured in *Metropolitan Home Magazine* in March 1999; and its being featured in the lead color photograph on the first page of the Home section of the Sunday *Providence Journal* newspaper on June 13, 1999.

10. Defendant Bozart has infringed, and is continuing to infringe, the '064 patent by, among other things, selling and offering to sell certain chairs it calls the Uni Chair (the "Accused Products") in this district and elsewhere.

11. Defendant Artbrat has infringed, and is continuing to infringe, the '064 patent by, among other things, selling and offering to sell the Accused Products in this district and elsewhere.

12. Attached hereto as Exhibit B are photographs by which Bozart and Artbrat promote and market, in this district and elsewhere, their Accused Products that infringe plaintiff's '064 patent.

13. Upon information and belief, defendants' Accused Products were designed after defendants and the designer of their Accused Products saw plaintiff's chair design as a result of the above noted publicity it received as an award-winning design, and its repeated public displays. For example, Bozart itself regularly displays at the ICFF in New York City, where plaintiff's chair design was publicly displayed as an award-winning design in 1999 and where Bozart featured the introduction of its Accused Products in 2003. Also, Bozart and Artbrat credit an individual named Tung Chiang as the designer of their Accused Products, and state that he started designing furniture in 1999, the very year that plaintiff's chair design was widely publicized and displayed as an award-winning design. Upon information and belief, Tung Chiang himself also displays his work at the ICFF in New York City, where plaintiff's chair design was publicly displayed as an award-winning design in 1999.

14. Defendants' infringement of the '064 patent is willful.

WHEREFORE, plaintiff prays that this Court:

A. Grant judgment to plaintiff against each defendant for its infringement of the '064 patent, including damages trebled under 35 U.S.C. §284, and each defendant's profits under 35 U.S.C. §289;

B.  Enter a permanent injunction against each defendant under 35 U.S.C. §283, to prevent its continuing violation of plaintiff's rights secured by the '064 patent.

C.  Award plaintiff his attorneys fees under 35 U.S.C. §285; and

D.  Grant plaintiff such other and further relief as may be just and proper, including interest and his costs of this action.

## II. Jury Demand

Plaintiff demands a trial by jury on all issues in this action.

JOHN P. CAVE

By his attorneys,

*/s/ David J. Brody*

David J. Brody (BBO No. 058200)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.: (978) 341-0036
Fax.: (978) 341-0136

Dated: February 11, 2004

#451409